**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
275 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BORCHE GJOREVSKI,**<br>*on behalf of himself and others similarly situated*,<br><br>**Plaintiff,**<br><br>- against -<br><br>**LIMANI 51, LLC, d/b/a LIMANI<br>and FRANCO SUKAJ,**<br><br>**Defendants.** | **No:**<br><br>**CLASS AND COLLECTIVE<br>ACTION COMPLAINT** |

Plaintiff BORCHE GJOREVSKI ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendant, LIMANI 51, LLC d/b/a Limani (hereinafter, "Corporate Defendant"), and FRANCO SUKAJ (hereinafter, "Individual Defendant," and together with Corporate Defendant, "Defendants") and alleges as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from

1

Defendants: (1) unpaid overtime wages due to off the clock work (2) unlawfully retained tips, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq*., and Article 19, §§ 650 *et seq*., the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid regular and overtime wages due to off the clock work (2) unpaid minimum wage due to invalid tip credit, (2) misappropriated tips, (3) stautory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

### *Borche Gjorevski*

7.      Plaintiff Borche Gjorevski is an adult who resides in Queens County, New York.

8.      Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9.      Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and have agreed to pay the firm a reasonable fee for its services.

### *Defendants*

### *Limani 51, LLC*

10.     Corporate Defendant Limani 51, LLC is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 630 Fifth Avenue, New York, NY 10111 and an address for service of process located at 10 Hickory Drive, Old Brookville, New York 11545.

11.     At all relevant times, Corporate Defendant Limani 51, LLC has done business as "Limani."

12.     At all relevant times, Defendants operated Limani through Corporate Defendant Limani 51, LLC.

13.     At all relevant times, Corporate Defendant Limani 51, LLC had an annual dollar volume of sales in excess of $500,000.

14.     Corporate Defendant Limani 51, LLC is a covered "employer" within the meaning of the FLSA and NYLL.

15.     Corporate Defendant Limani 51, LLC employed Plaintiff and similarly situated employees.

16.     At all relevant times, Corporate Defendant Limani 51, LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

17.     At all relevant times, Corporate Defendant Limani 51, LLC applied the same employment policies, practices and procedures to all non-exempt employees at Limani.

***Franco Sukaj***

18.     At all relevant times, Individual Defendant Franco Sukaj was an owner and General Manager of Limani.

19.     Individual Defendant Franco Sukaj is a covered "employer" within the meaning of the FLSA and NYLL.

20.     Individual Defendant Franco Sukaj employed Plaintiff and similarly situated employees.

21.     At all relevant times, Individual Defendant Franco Sukaj was directly involved in managing the operations at Limani.

22.     At all relevant times, Individual Defendant Franco Sukaj had authority over personnel or payroll decisions and employment policies, practices and procedures at Limani.

23.     At all relevant times, Individual Defendant Franco Sukaj had the power to hire, fire, promote or discipline Plaintiff and similarly situated employees, and control the terms and conditions of their employment at Limani, including their work assignments, work schedules, pay and responsibilities.  Defendant Franco Sukaj directly hired Plaintiff and informed him of his pay rate.  Plaintiff was directly supervised by Franco Sukaj on a day-to-day basis.  Plaintiff further witnessed Defendant Franco Sukaj discipline and fire similarly situated employees.

24.     At all relevant times, Individual Defendant Franco Sukaj hired, fired, promoted, disciplined, supervised, and controlled the employment terms and conditions of the managers and/or supervisors of Plaintiff and similarly situated employees at Limani.

25.     At all relevant times, Individual Defendant Franco Sukaj had the power to prevent or stop any unlawful practices that harmed Plaintiff and similarly situated employees at Limani.

26.     At all relevant times, Individual Defendant Franco Sukaj had the power to maintain employment records, including time and/or wage records of employees at Limani.

27.     At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

28.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

29.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former non-exempt tipped employees employed by Defendants, from the date that is three (3) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

31.     At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek. Further, Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep

a portion of tips that Plaintiff and FLSA Collective Members earned from customers. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

32.     All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

33.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

34.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

35.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former non-exempt tipped employees employed by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

36.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

37.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also

determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

38.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

39.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

40.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) unlawfully keeping or allowing managerial or supervisory employees to keep a portion of tips, (iii) failing to provide proper wage notices, and (vi) failing to provide proper wage statements, in violation of the NYLL.

41.     Plaintiff and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

42.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures under the NYLL.

43.    Plaintiff is able and willing to fairly and adequately protect the interests of Class Members and have no interests antagonistic to Class Members.

44.    Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

45.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

46.    On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

47.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class

Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

48.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

49.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiff and individual Class Members and include, but are not limited to, the following:

  a.  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

  b.  Whether Defendants paid Plaintiff and Class Member for all hours worked;

  c.  Whether Defendants paid Plaintiff and Class Members at the lawful minimum wage rate;

  d.  Whether Defendants took the proper amount of tip credit allowance from Plaintiff and Class Members under the NYLL;

  e.  Whether Defendants provided proper notice to Plaintiff and Class Members that Defendants were taking a tip credit;

  f.  Whether Defendants provided proper wage statements informing Plaintiff and Class Members of the amount of tip credit taken for each pay period and other information required to be provided on wage statements;

  g.  Whether Defendants kept weekly records of the amount of tip credit allowance claimed from Plaintiff and Class Members;

  h.  Whether Defendants required Plaintiff and Class Members to perform non-tipped side work for more than two (2) hours or twenty percent (20%) of their workday;

i.   Whether Defendants kept accurate records of the amounts of tips earned by Plaintiff and Class Members;

j.   Whether Defendants subjected Plaintiff and Class Members to an invalid tip pooling arrangement;

k.   Whether Defendants misappropriated tips from Plaintiff and Class Members by keeping or distributing a portion of the tips to employees who are not entitled to receive tips under the NYLL;

l.   Whether Defendants improperly deducted a meal credit from Plaintiff and Class Members' pay;

m.  Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, at hire and before a pay change, as required by the NYLL; and

n.   Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

50.    Plaintiff has been employed by Defendants as a bartender at the Limani restaurant located at 45 Rockefeller Plaza, New York, NY 10111 from on or around January 2, 2016 through the present date.

51.    Based on Plaintiff's observations and conversations with co-workers, Defendants applied the same pay policies and practices at all tipped employees at Limani.

52.    Throughout his employment with Defendants, Defendants paid Plaintiff at an hourly rate less than New York's minimum wage. Specifically, Plaintiff was paid (i) $7.50 per hour from the beginning of his employment until in or around December 30, 2017; (ii) $8.65 per hour from on or around December 31, 2017 until on or around December 30, 2018; and (iii) $10.00 per hour from on or around December 31, 2018 through the present.

53.    Based on Plaintiff's observations and conversations with his co-workers at Limani, Defendants claimed a tip credit and paid Plaintiff, FLSA Collective Members and Class Members at the same or similar hourly rates that were at all times less than New York's minimum wage.

54.    At all relevant times, Defendants required Plaintiff, FLSA Collective Members and Class Members to share their tips with members of Limani's management team through a tip pooling system.  Tips were distributed to front of the house employees based on a point system. According to this system, bussers received 5 points, runner received 7 points, expo received 8 points, waiters received 9 points, bartenders received 5 points, and captains received 11 points. Captains served as floor managers and directly supervised the waitstaff and bar staff.  Specifically, captains hired employees and had the authority to fire employees, set employee schedules, and supervise their day-to-day duties.  Additionally, the restaurant managers did not arrive to the restaurant until around 3:00 p.m., before that time, the captains were solely in charge.   Failure to follow the directions of a captain would result in discipline, including termination.  In addition to captains inappropriately participating in the tip pool, other restaurant managers, particularly George Faitis, would occasionally work shifts as a waiter and would participate in the tip pool, despite retaining managerial authority.  In addition to the above, the expo's duties solely involved reading tickets to the kitchen staff, the expo had absolutely no interaction with customers, yet participated in the tip pool.

55.    As a result of Defendants' invalid tip policies and practices, Plaintiff and other tipped employees at Limani were not paid the full and proper tip amounts every week.

56.    From the start of his employment until in or around June 2019, Plaintiff regularly worked five (5) days per week for a total of approximately fifty-one (51) hours per week.  From around July 2019 until around March 2020, Plaintiff occasionally worked four (4) days per week, therefore during this period Plaintiff worked between thirty-nine and a half (39.5) hours per week and fifty-one (51) hours per week.  Due to Covid-19, Plaintiff was furloughed between March

2020 and around July 2020. Following his return to work in July 2020, Plaintiff occasionally worked on and off about two (2) days per week for a total of around twenty (20) hours per week.

57.     There were three available shifts at Limani, the lunch shift, the dinner shift, and the double shift. When working a five-day week, Plaintiff worked four double shifts and one dinner shift. When working a four-day week, Plaintiff worked three double shifts and one dinner shift. Following July 2020, for weeks Plaintiff worked he generally worked two double shifts.

58.     Lunch shifts were from 10:45 a.m. to 4:00 p.m., without any breaks. Dinner shifts were from 5:00 p.m. to closing, which was usually around 10:00 p.m, without any breaks. Double shifts were from 10:45 a.m. until closing, when working the double shift, employees were usually provided a thirty (30) minute break.

59.     Throughout his employment with Defendants, Plaintiff was regularly required to arrive early when working a lunch or double shift and perform various non-tipped prep work for at least forty-five minutes before Defendants opened the restaurant to customers. When working the lunch or a double shift, despite arriving and beginning work by 10:00 a.m., Plaintiff was not permitted to clock-in until around 10:45 a.m. Thus, when working these shifts, Plaintiff worked forty-five (45) minutes for which he received no compensation.

60.     Based on Plaintiff's observations and conversations with his co-workers at Limani, FLSA Collective Members and Class Members worked hours similar to Plaintiff's work hours.

61.     While Plaintiff was a bartender, Defendants did not employ a barback, thus Plaintiff would spend a minimum of two hours, or twenty percent (20%) of his work day performing non-tipped side work. Specifically, Plaintiff was required to retrieve ice, juice, and bottles of wine, spirits and beer from the basement, cut lemons and limes, check inventory, and clean the bar area among other duties. Often, checking inventory alone would take several hours. Plaintiff further

observed other tipped staff at Limani similarly performing a significant amount of non-tipped side work.

62.     At all relevant times, Defendants improperly deducted a meal credit from Plaintiff's pay.  Defendants took a meal credit for days in which he was not provided a meal break. Furthermore, the meals that were provided did not include at least one item from the four required food groups, specifically, the meals often did not include a fruit or vegetable, a protein, or a beverage (i.e., tea, coffee, milk or juice).  Many times, Defendants served rice with rotten vegetables, fried chicken and rice, or a barely edible beef soup.

63.     Throughout his employment with Defendants, Plaintiff did not receive proper notices of pay rate or pay day from Defendants at hire or before the changes in pay, as required under the NYLL.

64.     Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants paid wages to Plaintiff, FLSA Collective Members and Class Members weekly by check with wage statements.

65.     Throughout his employment with Defendants, Plaintiff did not receive proper wage statements from Defendants. Specifically, Defendants' wage statements that were provided to Plaintiff did not state his correct pay rate or tip credit rate. Additionally, the amount of tips listed on the wage statements were different from the amounts Plaintiff earned each week.  Further, the number of hours indicated on the wage statement did not accurately reflect Plaintiff's actual hours worked.

66.     Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants failed to pay Plaintiff, FLSA Collective Members and Class Members the lawful minimum wage due to an invalid tip credit deduction.

67.    Based on Plaintiff's observations and conversations with co-workers at Limani, Plaintiff, FLSA Collective Members and Class Members did not receive proper notice that Defendants were claiming a tip credit, nor received notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received

68.    Based on Plaintiff's observations and conversations with co-workers at Limani, prior to 2019, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Members and Class Members of the amount of tip credit taken for each pay period. In addition, the wage statements that Defendants provided to Plaintiff, FLSA Collective Members and Class Members failed to state the accurate amounts of tips earned by tipped employees.

69.    Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants failed to track daily tips earned by Plaintiff, FLSA Collective Members and Class Members, and failed to keep accurate records thereof.

70.    Based on Plaintiff's observations and conversations with co-workers at Limani, Plaintiff, FLSA Collective Members and Class Members were required to engage more than two (2) hours and/or twenty percent (20%) of their workdays performing non-tipped side work, including pre-shift side work and running side work.

71.    Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants kept and/or allowed managers and supervisors to keep a portion of the tips that Plaintiff and Class Members earned from customers.

72.    Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants took an improper meal credit from Plaintiff and Class Members' wages.

73.     Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants failed to provide proper wage notices to Plaintiff and Class Members.

74.     Based on Plaintiff's observations and conversations with co-workers at Limani, Defendants failed to provide proper wage statements to Plaintiff and Class Members. The wage statements that were provided to Plaintiff and Class Members failed to accurately reflect their regular pay rate and tip credit rate, and failed to state other required information. In addition, the wage statements that were provided to Plaintiff and Class Members failed to reflect the accurate amounts of tips they earned each week.

75.     Defendants knowingly and willfully operated their business with a policy of failing to pay the lawful minimum wage to Plaintiff, tipped FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

76.     Defendants knowingly and willfully operated their business with a policy of keeping a portion of the tips that Plaintiff, tipped FLSA Collective Members and Class Members earned from customers and/or distributing a portion of the tips to managers, supervisors and other employees who are not entitled to receive tips under the FLSA and NYLL.

77.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

78.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

## STATEMENT OF CLAIMS

### FIRST CAUSE OF ACTION
#### *Violation of the Fair Labor Standards Act*

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

81.     Defendant failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

82.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants failed to inform Plaintiff and tipped FLSA Collective Members of the provisions of subsection 203(m) of the FLSA..

83.     Defendants unlawfully kept and/or allowed managerial or supervisory employees to keep a portion of tips that Plaintiff and tipped FLSA Collective Members earned from customers in violation of subsection 203(m) of the FLSA. See, 29 C.F.R. § 531.52.

84.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

85.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members the lawful minimum wage for all hours worked when Defendants knew or should have known such was due. Defendants have not made a

good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

86.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

87.    As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages and tips in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

88.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

<u>**SECOND CAUSE OF ACTION**</u>
<u>***Violations of the New York Labor Law***</u>

89.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.    At all times relevant, Plaintiff and the Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

91.    Defendants failed to pay Plaintiff and Class Members the minimum wage to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

92.     Pursuant to the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, Defendants are required to pay Plaintiff and the Class the full minimum wage at a rate of (a) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; (b) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; and (c) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (d) $11.00 per hour for all hours worked from December 31, 2016 through December 30, 2017; (e) $13.00 per hour for all hours worked from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour for all hours worked from December 31, 2018 through the present.

93.     Defendants have failed to provide adequate notification to Plaintiff and Class Members of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

94.     Defendants required Plaintiff and Class Members to perform a substantial amount of non-tipped side work in excess of two (2) hours or twenty percent (20%) of their workdays.

95.     Defendants unlawfully retained and/or allowed managerial or supervisory employees to keep a part of the gratuities received by Plaintiff and Class Members in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

96.     Defendants were not entitled to take a meal credit from Plaintiff or Class Members' wages as Plaintiff and Class Members did not partake, and was unable to partake, in the meal offered for all days in which a meal credit was taken, and because the meals did not contain at least one item from each of the four required food groups.

97.     Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee

as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed

as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the

name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer.

98.    Defendants failed to furnish Plaintiff and the Class with an accurate statement of

wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of

work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as

part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable;

the number of hours worked, including overtime hours worked if applicable; deductions; and net

wages.

99.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records

of the amounts of tips earned by Plaintiff and Class Members as required by the NYLL and the

supporting New York State Department of Labor Regulations.

100.    Defendants failed to properly disclose or apprise Plaintiff and the Class of their

rights under the NYLL and the supporting New York State Department of Labor Regulations.

101.    As a result of Defendants' willful violations of the NYLL, Plaintiff and the Class

are entitled to recover from Defendants their unpaid minimum wage, misappropriated tips,

liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other

compensation in accordance with the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Members and the Class, respectfully requests that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime wages due under the FLSA and NYLL;

e.  An award of unpaid minimum wage due under the NYLL;

f.  An award of unlawfully retained tips due under the FLSA and NYLL;

g.  An award of improper meal credit deductions under the NYLL;

h.  An award of liquidated damages as a result of Defendants' willful failure to pay minimum wage and misappropriated tips, pursuant to the FLSA or NYLL;

i.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage notices, as required by the NYLL;

j.  Statutory penalties for Defendants' failure to provide Plaintiff and Class Members with proper wage statements, as required by the NYLL;

k.  An order awarding relief for Defendants' retaliation, including but not limited to lost compensation, under the FLSA and NYLL;

l.  Pre-judgment and post-judgment interest;

m.  Reasonable attorneys' fees and costs of this action;

n.  A declaratory judgment that the practices complained of herein are unlawful under the

FLSA and NYLL;

o.  An injunction against Defendants and its officers, agents, successors, employees,

representatives and any and all persons acting in concert with them as provided by law,

from engaging in each of the unlawful practices, policies and patterns set forth herein;

and

p.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues so triable as of right by jury.

Dated:  April 23, 2021                    Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:    */s/ William Brown*

William Brown, Esq. (WB6828)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, BORCHE GJOREVSKI hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b), in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against LIMANI 51, LLC, and FRANCO SUKAJ, and/or related entities and individuals to recover unpaid overtime wages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act.

_____
Name: BORCHE GJOREVSKI


Date: 4/22/2021
_____